

This opinion was
filed for record
at 8amon 4-18-19

Susan L. Carlson
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>              Petitioner,<br><br>       v.<br><br>MARC DANIEL McKEE,<br><br>              Respondent. | NO. 96035-6<br><br>EN BANC<br><br>Filed     **APR 1 8 2019** |

STEPHENS, J.—A jury convicted Marc Daniel McKee of four counts of possessing depictions of minors engaged in sexually explicit conduct (Possessing Depictions). The Court of Appeals reversed those convictions on the ground that police had used an overbroad search warrant to obtain the underlying cell phone photos and videos. Instead of just remanding for suppression of the cell phone evidence, the Court of Appeals ordered all the Possessing Depictions counts dismissed, meaning retrial was barred. Although the Court of Appeals provided no reasoning to justify that remedy, it appears to have thought dismissal was warranted

because once the cell phone evidence was suppressed, there would be insufficient evidence to sustain the convictions at a second trial.

The State petitioned for review of the Court of Appeals' decision to dismiss rather than to suppress. We granted the State's petition for review and now reverse. *State v. McKee*, 191 Wn.2d 1012, 426 P.3d 749 (2018). The proper remedy following suppression of the cell phone evidence was to vacate McKee's convictions for Possessing Depictions and to remand to the trial court for further proceedings.

## FACTS

McKee met A.Z. when he was 41 years old and she was 16 years old. At that time, A.Z. had been using marijuana since she was 12 years old and methamphetamine and heroin for about one year. Over the course of several months in 2012, McKee had repeated sexual encounters with A.Z. and also supplied her and another minor with heroin and methamphetamine. In October 2012, A.Z.'s brother took McKee's cell phone and discovered it had sexually explicit pictures and videos of A.Z. A.Z.'s brother showed these images to A.Z.'s mother, who then turned the phone over to police. Based on their conversations with A.Z.'s mother, officers sought and obtained a warrant to search the cell phone for "[i]mages, video, documents, text messages, contacts, audio recordings, call logs, calendars, notes, tasks, data/internet usage, any and all identifying data, and any other electronic data

. . . showing evidence of the above listed crimes [sexual exploitation of a minor (RCW 9.68A.040) and dealing in depictions of a minor engaged in sexually explicit conduct (RCW 9.68A.050)]." CP at 229, 225.

The State charged McKee with five separate offenses, nine counts in all: possessing depictions in the first degree (counts 1-3), possessing depictions in the second degree (count 4), commercial sex abuse of a minor (count 5), delivery of methamphetamine and/or heroin to a person under age 18 (counts 6-8), and violation of a no contact order (count 9).

Prior to trial, McKee moved to suppress the evidence recovered from the cell phone on the grounds that the warrant was overbroad and not based on probable cause. The trial court denied the motion. At trial, the prosecution introduced several images from the cell phone through A.Z.'s testimony. She identified herself in the images. A.Z.'s mother and brother also provided detailed testimony describing the pictures and videos they viewed on the phone and identifying A.Z. as depicted therein.

A jury convicted McKee of every charge except one count of delivery of a controlled substance to a minor. The trial court sentenced him to 113 months' total confinement. McKee appealed to Division One of the Court of Appeals, raising two issues: (1) that the trial court erred by refusing to suppress the cell phone evidence

and (2) that trial counsel was ineffective at his sentencing hearing for failing to argue that all the Possessing Depictions counts constituted the same criminal conduct.

McKee's briefing on the search warrant issue mentioned a remedy three times in inconsistent terms. In his opening brief, McKee asserted that "all fruits from the search of McKee's phone—which formed the basis for the charges in counts 1 through 4—should have been suppressed . . . [and his] convictions on these counts should be reversed and *dismissed*." Br. of Appellant at 16 (Wash. Ct. App. No. 73947-6-I (2016)) (emphasis added). But then in the conclusion of that brief, McKee requested only that the appellate court *vacate* the convictions: "McKee's convictions on counts 1 through 4 should be vacated based on the faulty warrant." Br. of Appellant at 24. Consistent with the latter language, the State's response in the Court of Appeals characterized McKee's briefing as requesting vacation and suppression: "McKee contends that . . . the cell phone content seized pursuant to the warrant should have been suppressed, and that the convictions, therefore, should be vacated." Resp't's Br. at 3 (Wash. Ct. App. No 73947-6-I (2017)). McKee's reply brief repeated only that request: "For the reasons discussed in the opening brief and here, this Court should *vacate* McKee's convictions on counts 1 through 4 based on the faulty warrant." Reply Br. of Appellant at 9 (Wash. Ct. App. No. 73947-6-I (2017)) (emphasis added).

Even though McKee had not briefed the issue, at oral argument the Court of Appeals asked defense counsel whether, if the evidence stemming from the cell phone warrant were suppressed, sufficient evidence would remain to sustain the challenged convictions. The following one-minute exchange took place:

> COURT: Was the only evidence that was introduced at trial for the four counts that you're seeking [to have reversed] based on what the police were able to obtain from the search warrant?
>
> DEFENSE COUNSEL: That was the primary evidence, yes.
>
> COURT: So, there was other evidence?
>
> DEFENSE COUNSEL: Well, other evidence. Um, A.Z. had no memory of these pictures or of the, the actual clips. But when she saw them, she was able to identify herself in them. That's some evidence. But she had no recollection of them until she was shown them. So I'd say no, that evidence came from what was, um found in the search warrant. Her mother looked at the phone briefly and saw a few things, so perhaps she would have been able to give a vague description that she saw a clip, some photos that showed her daughter and somebody else, but, you know, this, these actual photos and clips were the primary evidence, the bulk of the evidence.
>
> COURT: So, if we excluded that evidence, is there sufficient evidence?
>
> DEFENSE COUNSEL: There's not, there would not be sufficient evidence for the State to prove these convictions.

Wash. Court of Appeals oral argument, *State v. McKee*, No. 73947-6-I (Sept. 14, 2017), at 7 min., 55 sec. through 8 min., 57 sec. (on file with court). During the State's argument, the court did not inquire about the remedy of dismissal or the sufficiency of any evidence, and the State did not address either issue.

Ultimately, the Court of Appeals agreed with McKee's Fourth Amendment argument and reversed all four of his convictions for Possessing Depictions. *State*

*v. McKee*, 3 Wn. App. 2d 11, 30, 413 P.3d 1049 (2018); U.S. CONST. amend. IV. Instead of simply applying the exclusionary rule—that is, vacating the convictions and remanding to the trial court for further proceedings—the Court of Appeals ordered dismissal of all the Possessing Depictions counts. *McKee*, 3 Wn. App. 2d at 30. It provided no reasoning explaining that outcome, but the remedy of dismissal typically applies only when a conviction is reversed for insufficient evidence[1] or the government's misconduct has prejudiced the defendant and materially affected the possibility of a fair trial.[2] While it is not entirely clear, it appears from the oral argument transcript that the Court of Appeals believed dismissal was required because *once the cell phone evidence was suppressed*, the remaining evidence would be insufficient to sustain the convictions on the possessing depictions counts.

The State filed a motion for reconsideration of the dismissal remedy and, for the first time, detailed eyewitness testimony describing the explicit images of A.Z. on McKee's phone. It argued that dismissal was inappropriate because that testimony—i.e., the evidence that was not tainted by the invalid search warrant— would be sufficient to sustain the Possessing Depictions convictions on retrial. Resp't's Mot. to Recons., *State v. McKee*, No. 73497-6-I, at 9 (Wash. Ct. App. Apr.

---

[1] *State v. Wright*, 165 Wn.2d 783, 788, 203 P.3d 1027 (2009) (where appellate court vacates a conviction for trial error rather than insufficient evidence, retrial is not barred).

[2] *State v. Marks*, 114 Wn.2d 724, 730-31, 790 P.3d 138 (1990).

13, 2018) ("Dismissal of the four possession of depiction counts was not the appropriate remedy given other evidence about the content of the videos and photograph that was presented at trial and could be presented at a retrial."). In his answer, McKee argued both that the State had waived the dismissal issue by failing to raise it earlier and that the State's "sufficiency" argument failed on its merits. Like the State, McKee argued that dismissal was warranted if the evidence that remained *postsuppression* would be insufficient to sustain the Possessing Depictions convictions. Unlike the State, he contended that the eyewitness testimony was insufficient.

The Court of Appeals denied the motion for reconsideration, and we granted the State's petition for review.

## ANALYSIS

The question before us is whether the Court of Appeals erred when it dismissed the Possessing Depictions counts after suppressing the cell phone evidence, thus barring any possibility of a retrial. We hold that this was error. The typical remedy for a Fourth Amendment violation is suppression, not dismissal.

This is true even when suppression would seem to exclude the bulk of the prosecution's evidence. Under long-standing precedent, the double jeopardy clause bars retrial only when *all* the evidence admitted at trial—including erroneously

admitted evidence—is insufficient to sustain the conviction at issue. *State v. Jasper*, 174 Wn.2d 96, 120, 271 P.3d 876 (2012) (citing *Lockhart v. Nelson*, 488 U.S. 33, 40, 109 S. Ct. 285, 102 L. Ed. 2d 265 (1988)). The logic underlying this rule is that a reversal for insufficiency is tantamount to an acquittal, but a reversal for any other trial court error is not. *Lockhart*, 488 U.S. at 40-42. A reversal for insufficiency indicates the government had its chance and failed to prove its case, while a reversal for another trial error indicates only that the defendant was convicted through a flawed process. *Id.* at 40-42. In the latter instance, the appellate court must "recreate[] the situation that would have been obtained if the trial court had excluded the [improper] evidence," leaving the State free to present new evidence at retrial, if it chooses. *Id.* at 42. This rule applies whenever the erroneous admission of evidence requires reversal, including when error stems from an illegal search or seizure. *E.g.*, *State v. Jefferson*, 297 Kan. 1151, 1166, 310 P.3d 331 (2013) (applying *Lockhart* analysis after reversing appellant's conviction and ordering suppression of evidence obtained through illegal seizure). Thus, in a case like this one, an appellate court does not evaluate the sufficiency of the untainted evidence remaining after

suppression. Provided the total evidence (tainted and untainted) was sufficient to sustain the verdict, the remedy is limited to reversal and suppression.[3]

McKee urges us to affirm the Court of Appeals regardless of whether dismissal was the appropriate remedy, arguing that the State waived any remedy argument by failing to raise it before the motion for reconsideration. We decline that invitation for two reasons. First, the facts here do not indicate any concession or waiver by the State. McKee's briefing did not raise any issue of sufficiency (of any quantum of evidence) and, when the court raised that issue sua sponte at oral argument, it directed its questions only at McKee. Second, the Court of Appeals committed obvious *legal* error when it ordered dismissal, distinguishing the situation from one involving a factual concession. Even if the State had conceded that dismissal was required, which it did not, the appellate court should have rejected such a concession. *See In re Pers. Restraint of Pullman*, 167 Wn.2d 205, 212 n.4, 218 P.3d 913 (2009) (rejecting State's concession both because it involved a question of law and because it was "equivocal at best"). Any arguments about the insufficiency of evidence prior to retrial must be directed to the trial court in the first

---

[3] We are not concerned in this case with any issue of harmless error, as the State made no argument that the admission of the cell phone evidence was harmless beyond a reasonable doubt. *Cf. State v. Gonzales Flores*, 164 Wn.2d 1, 18-19, 186 P.3d 1038 (2008) (error may be harmless beyond a reasonable doubt in light of overwhelming untainted evidence).

instance. *See State v. Knapstad*, 107 Wn.2d 346, 356-57, 729 P.2d 48 (1986) (describing procedure by which defendant may obtain pretrial hearing on the sufficiency of the State's factual allegations to establish a prima facie case of guilt).

## CONCLUSION

When an appellate court vacates a conviction that is obtained with illegally seized evidence, the remedy is remand to the trial court with an order to suppress. This is true regardless of whether the untainted evidence might independently sustain a conviction. We reverse the Court of Appeals and remand to the trial court for further proceedings consistent with the order to suppress evidence seized as a result of the faulty warrant.[4]

---

[4] McKee requests appellate consideration of his same criminal conduct claim raised initially in the Court of Appeals. We decline to address this claim because it is both moot (the affected counts have been reversed) and premature (we do not know whether the State will seek another trial). Additionally, this issue is not properly before us because McKee did not raise it in his answer to the State's petition. RAP 13.7(b) (on review of Court of Appeals decision, Supreme Court will review only the questions raised in the petition and answer).

Stephens, J.

WE CONCUR:

Johnson, J.

Wiggins, J.

Fairhurst, C.J.

González, J.

Madsen, J.

Gerdon McCloud, J.

Owens, J.

Yu, J.